Mr. Justice ThacheR.
delivered the opinion of the court.
Turner petitioned the probate court of Lawrence county, and set forth the following allegation. As administrator de bonis non of Burge, deceased, he paid certain debts, from his indi *313 vidual funds, which were due from the estate. Thereupon, he claims that certain slaves, specifically bequeathed to the minor Leirs of Burge, should be subjected to the liquidation of his claim against the estate, there being no other assets to respond the same. But it is shown by his petition, that Turner is alsq guardian of the minor heirs, save one, and that in that capacity he has employed the proceeds of the labor of the slaves for their maintenance and benefit. Turner, as guardian of the heirs, became so as successor of Eldridge, and the petition shows that Eldridge, as guardian, returned into the probate court the slaves as the property of those heirs. This shows that the slaves had passed into the possession of the guardian, if not by an order of court, certainly with the assent of the administrator. Under such circumstances, the slaves would not have been liable even to be levied under a fieri facias against the goods of a testator in the hands of the executor or administrator, notwithstanding that the executor, being guardian of the legatee, continues as guardian to hold them, hiring them out. Lomax on Ex’rs and Adm’rs. 2, 134 j 5 Mumf. 103; 3 Ibid. 99, 559; 1 Wash. 312. The remedy to enforce the right of creditors to pursue the estate in the hands of legatees, after the executor or administrator has assented to the legacies, is in equity to compel them to refund. Lomax, 2, 174.
The probate court of Lawrence county dismissed the petition in that court, which judgment is affirmed.